IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT MALECHE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-0988 |
| HILDA SOLIS, SECRETARY OF THE | § | |
| UNITED STATES DEPARTMENT OF | § | |
| LABOR, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Vincent Maleche, brings this action pro se against defendant, Hilda Solis, Secretary of the United States Department of Labor (DOL), for denial of Disaster Unemployment Assistance (DUA) benefits and discrimination in violation of the Stafford Act, 42 U.S.C. §§ 5121 et seq., for a period associated with Hurricane Ike, i.e., September through November of 2008. Plaintiff seeks an order directing defendant to pay him DUA benefits and voiding DOL Guidelines. Pending before the court is Defendants' Motion for Summary Judgment (Docket Entry No. 28). For the reasons explained below the defendant's motion for summary judgment will be granted and this action will be dismissed.[1]

---

[1]In addition to Hilda Solis, plaintiff served a summons and complaint upon Joseph C. Juarez, Regional Administrator of the United States Department of Labor, and Linda Bowen, Assistant United States Attorney. See Docket Entry Nos. 8-9. To the extent
(continued...)

## I.  **Undisputed Facts**

Plaintiff resides in Friendswood, Galveston County, Texas, and as of April 2, 2009, had been self-employed for over ten years.[2] On September 12, 2008, Hurricane Ike struck Texas, and President George W. Bush declared Galveston County a disaster area.[3]  On or about September 14, 2008, plaintiff applied for Disaster Unemployment Assistance (DUA) benefits.[4]  On October 6, 2008, the Texas Workforce Commission (TWC) denied plaintiff's application for DUA benefits upon finding that plaintiff was not eligible to receive them because his last job separation occurred before the date of the disaster, and because plaintiff failed to provide evidence that he would have started to work in the affected area

---

[1](...continued)
that these two last-named individuals are defendants in this action, plaintiff's claims against them will be dismissed because the Regional Administrator's decision is the equivalent of a decision by the Secretary, and the relief that plaintiff seeks, i.e., payment of DUA benefits and voiding of DOL Guidelines, is available solely from the Secretary acting in her official capacity.  For this reason, any claims asserted against any of the defendants in their personal capacities will also be dismissed.

[2]Petition for Judicial Review, Docket Entry No. 1, ¶¶ 2.1 and 4.1

[3]Id.  ¶¶ 2.3 and 3.1.  See also Respondent's Answer to Petitioner's Petition for Judicial Review, Docket Entry No. 12, ¶ 2.3 ("The President declared Galveston County a disaster area on September 15, 2008."), and ¶ 3.1 (admitting that "the declaration is FEMA-1791-DR").

[4]Id. ¶ 3.7.  See also Issue Decision Log included in Exhibit A attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28 (stating that plaintiff filed his application on September 14, 2008).

had the disaster not prevented him from doing so.[5]  On October 9,
2008, plaintiff appealed the TWC's denial of his application for
DUA benefits to the TWC's Appeal Tribunal (AT).[6]  On December 3,
2008, the AT conducted a telephone hearing on plaintiff's appeal,
and on December 5, 2008, affirmed the TWC's denial of plaintiff's
application for DUA benefits.[7]  On or about December 26, 2008,
plaintiff attempted to appeal the AT's decision.[8]  On January 14,
2009, the Regional Administrator for the United States Department
of Labor (DOL) wrote to plaintiff informing him that his attempt to
appeal the AT's decision was untimely.[9]  On or about February 2,
2009, plaintiff wrote to United States Senator Kay Bailey
Hutchinson asking for assistance with his claim for DUA benefits.[10]
On February 20, 2009, the DOL's Regional Administrator reviewed the

---

[5]Id. ¶ 3.8.  See also Determination of Payment of Unemployment
Benefits, Exhibit A attached to Defendant's Motion for Summary
Judgment, Docket Entry No. 28.

[6]Id. ¶ 3.9.  See also Appeal, Exhibit B attached to
Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[7]Id. ¶ 3.10.  See also Decision of the Appeal Tribunal,
Exhibit C attached to Defendant's Motion for Summary Judgment,
Docket Entry No. 28.

[8]Id. ¶ 3.14.  See also Appeal #1071820-1-1, Exhibit D attached
to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[9]Id. ¶ 3.15.  See also Letter of January 14, 2009, to
plaintiff from the DOL's Regional Administrator, Joseph C. Juarez,
Exhibit E attached to Defendant's Motion for Summary Judgment,
Docket Entry No. 28.

[10]Id. ¶ 3.16.  See also Letter to Senator Kay Bailey Hutchinson
from plaintiff, Exhibit F attached to Defendant's Motion for
Summary Judgment, Docket Entry No. 28.

-3-

AT's decision pursuant to his own motion and concluded that the AT's decision that plaintiff was not eligible for benefits should be affirmed because plaintiff was neither able to nor available for work during the disaster period as required by 20 C.F.R. § 625.[11] On April 2, 2009, plaintiff filed this action seeking judicial review of the denial of his application for DUA benefits.[12]

## II.  <u>Standard of Review</u>

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986).  A party moving for summary judgment "must

---

[11]<u>Id.</u>  <u>See also</u> Letter of February 20, 2009, to plaintiff from Regional Administrator Joseph C. Juarez and Decision of Regional Administrator attached thereto, Exhibit A attached to Petition for Judicial Review, Docket Entry No 1, and Exhibit G attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[12]<u>See</u> Petition for Judicial Review, Docket Entry No. 1.

'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>), (quoting <u>Celotex</u>, 106 S.Ct. at 2553-2554).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  <u>Id.</u> (citing <u>Celotex</u>, 106 S.Ct. at 2553-2554).  In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S.Ct. 2097, 2110 (2000).  Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  <u>Little</u>, 37 F.3d at 1075.

### III.  <u>Analysis</u>

Plaintiff contends that the defendant wrongfully denied his claim for DUA benefits, and that in so doing the defendant discriminated against him on the basis of his economic status, his successfulness, and his inability to perform manual labor. Defendant contends that she is entitled to summary judgment because plaintiff's own submissions establish that he was not eligible to receive DUA benefits, and because plaintiff has failed to adduce

-5-

evidence showing that the denial of his application for benefits was discriminatory.  For the reasons explained below, the court concludes that defendant's motion for summary judgment should be granted because the court lacks subject matter jurisdiction to review the defendant's determination that plaintiff was not eligible to receive DUA benefits, and because plaintiff has failed to present any evidence from which a reasonable fact-finder could conclude that the defendant's denial of his application for DUA benefits was motivated by discriminatory animus.

**A.    Applicable Law**

The federal government provides disaster relief under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121 et seq. (Stafford Act), and regulations promulgated thereunder.  See 20 C.F.R. § 625.  The Stafford Act is triggered when the Governor of the affected state asks the President to declare that a "major disaster exists" and the President so declares.  See 42 U.S.C. § 5122(2) (defining major disaster by reference to presidential determination); 42 U.S.C. § 5170 ("All requests for a declaration by the President that a major disaster exists shall be made by the Governor of the affected State."); and 44 C.F.R. § 206.38(a) ("The Governor's request for a major disaster declaration may result in either a Presidential declaration of a major disaster or an emergency, or denial of the Governor's request.").  Such a request must be "based on a finding that the

disaster is of such severity and magnitude that effective response is beyond the capabilities of the State and the affected local governments and that Federal assistance is necessary." 42 U.S.C. § 5170.  The Stafford Act allows the President to "prescribe such rules and regulations as may be necessary and proper to carry out the provisions of . . . [the Act, and to act], either directly or through such Federal agency as the President may designate." 42 U.S.C. § 5164.  The Stafford Act also includes a non-discrimination provision which states:

> The President shall issue, and may alter and amend, such regulations as may be necessary for the guidance of personnel carrying out Federal assistance functions at the site of a major disaster or emergency. Such regulations shall include provisions for insuring that the distribution of supplies, the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or economic status.

42 U.S.C. § 5151(a).  See also St. Tammany Parish v. Federal Emergency Management Agency, 556 F.3d 307, 310 (5th Cir. 2009).

Plaintiff's application for benefits concerns the DUA program administered by the TWC under the supervision of the United States Department of Labor (DOL) pursuant to 42 U.S.C. § 5177(a).[13]  In pertinent part that statute provides:

---

[13]See Respondent's Answer to Petitioner's Petition for Judicial Review, Docket Entry No. 12, ("Respondent[] admit[s] that the Texas Workforce Commission (TWC) is a Texas agency and acts as an agent for DOL in administering claims for DUA.").

(a) Benefit assistance

The President is authorized to provide to any individual unemployed as a result of a major disaster such benefit assistance as he deems appropriate while such individual is unemployed for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation (as that term is defined in section 85(b) of Title 26) or waiting period credit. Such assistance as the President shall provide shall be available to an individual as long as the individual's unemployment caused by the major disaster continues or until the individual is reemployed in a suitable position, but no longer than 26 weeks after the major disaster is declared. Such assistance for a week of unemployment shall not exceed the maximum weekly amount authorized under the unemployment compensation law of the State in which the disaster occurred.  The President is directed to provide such assistance through agreements with States which, in his judgment, have an adequate system for administering such assistance through existing State agencies.

42 U.S.C. § 5177(a).

The eligibility requirements for DUA benefits on which the defendant relied to deny the plaintiff's application for DUA benefits are set forth at 20 C.F.R. § 625.4:

An individual shall be eligible to receive a payment of DUA with respect to a week of unemployment, in accordance with the provisions of the Act and this part if:

(a) That week begins during a Disaster Assistance Period;

(b) The applicable State for the individual has entered into an Agreement which is in effect with respect to that week;

(c) The individual is an unemployed worker or an unemployed self-employed individual;

(d) The individual's unemployment with respect to that week is caused by a major disaster, as provided in § 625.5;

-8-

(e) The individual has filed a timely initial application for DUA and, as appropriate, a timely application for a payment of DUA with respect to that week;

(f) That week is a week of unemployment for the individual;

(g) The individual is able to work and available for work within the meaning of the applicable State law: *Provided*, That an individual shall be deemed to meet this requirement if any injury caused by the major disaster is the reason for inability to work or engage in self-employment; or, in the case of an unemployed self-employed individual, the individual performs service or activities which are solely for the purpose of enabling the individual to resume self-employment;

(h) The individual has not refused a bona fide offer of employment in a suitable position, or refused without good cause to resume or commence suitable self-employment, if the employment or self-employment could have been undertaken in that week or in any prior week in the Disaster Assistance Period; and

(I) The individual is not eligible for compensation (as defined in § 625.2(d)) or for waiting period credit for such week under any other Federal or State law, except that an individual determined ineligible because of the receipt of disqualifying income shall be considered eligible for such compensation or waiting period credit. An individual shall be considered ineligible for compensation or waiting period credit (and thus potentially eligible for DUA) if the individual is under a disqualification for a cause that occurred prior to the individual's unemployment due to the disaster, or for any other reason is ineligible for compensation or waiting period credit as a direct result of the major disaster.

20 C.F.R. § 625.4.

## B.   Application of the Law to the Facts

The defendant denied the plaintiff's application for DUA benefits after determining that the plaintiff was not eligible for them because he was not "able to work and available for work within

-9-

the meaning of the applicable State [i.e., Texas] law." 20 C.F.R.
§ 625.4(g). <u>See also</u> 20 C.F.R. § 625.2(r)(2) (defining "applicable
state law").

1.   <u>Plaintiff's Claim for Benefits</u>

The defendant in this action, Hilda Solis, is Secretary of the
United States Department of Labor (DOL). Suits against federal
defendants (i.e., federal agencies and officials acting in their
official capacity) are suits against the United States. "[T]he
United States, as sovereign, 'is immune from suit save as it
consents to be sued . . . and the terms of its consent to be sued
in any court define that court's jurisdiction to entertain the
suit.'" <u>Lehman v. Nakshian</u>, 101 S.Ct. 2698, 2701 (1981) (quoting
<u>United States v. Testan</u>, 96 S.Ct. 948, 953 (1976)). "The basic
rule of federal sovereign immunity is that the United States cannot
be sued at all without the consent of Congress." <u>St. Tammany
Parish</u>, 556 F.3d at 316 (quoting <u>Block v. North Dakota ex rel.
Board of University and School Lands</u>, 103 S.Ct. 1811, 1819 (1983)).
<u>See also Williamson v. United States Department of Agriculture</u>, 815
F.2d 368, 373 (5th Cir. 1987) ("The doctrine of sovereign immunity
is inherent in our constitutional structure and . . . renders the
United States, it departments, and its employees in their official
capacities as agents of the United States immune from suit except
as the United States has consented to be sued."). "A waiver of the
Federal Government's sovereign immunity must be unequivocally

-10-

expressed in statutory text . . . and will not be implied." <u>Lane v. Pena</u>, 116 S.Ct. 2092, 2096 (1996).  <u>See also</u> <u>Petterway v. Veterans Administration Hospital, Houston, Texas</u>, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974) ("It is well settled . . . that a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute.").  Section 702 of the APA, 5 U.S.C. § 701(a)(1), waives sovereign immunity for claims alleging that a person suffered a legal wrong because of agency action within the meaning of a relevant statute.  However, the APA's waiver of sovereign immunity is not applicable when the statute at issue precludes judicial review.  <u>See</u> <u>St. Tammany Parish</u>, 556 F.3d at 314.

Plaintiff asserts that "[t]he jurisdiction of the Court is set forth in The Stafford Act and Title 20 of the [C]ode of Federal Regulations."[14]  "Although the Stafford Act does not contain a waiver of sovereign immunity, <u>see</u> <u>Graham v. Federal Emergency Management Agency</u>, 149 F.3d 997, 1001 (9th Cir. 1998), it does contain a discretionary function exception to governmental liability nearly identical to the one contained in the FTCA [Federal Tort Claims Act]." <u>St. Tammany Parish</u>, 556 F.3d at 318. The section of the Stafford Act that so provides states:

> The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty

---

[14]<u>Id.</u> at 2.

-11-

on the part of a Federal agency or an employee of the
Federal Government in carrying out the provisions of this
chapter.

42 U.S.C. § 5148.  The Fifth Circuit has expressly stated that this
section "'preclude[s] judicial review of all disaster relief claims
based upon the discretionary actions of federal employees.'"
St. Tammany Parish, 556 F.3d at 318 (quoting Rosas v. Brock, 826
F.2d 1004, 1008 (11th Cir. 1987)).

Federal courts are courts of limited jurisdiction.
Consequently, a question about subject matter jurisdiction may be
presented at any time by any party or sua sponte by the court.
Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that
it lacks subject-matter jurisdiction, the court must dismiss the
action".).  See Kontrick v. Ryan, 124 S.Ct. 906, 915 (2004) (citing
Mansfield, C. & L.M. Ry. Co. v. Swan, 4 S.Ct. 510, 511 (1884)
(challenges to a federal court's subject matter jurisdiction may be
made at any stage of the proceedings, and the court should raise
the issue sua sponte)); Weekly v. Morrow, 204 F.3d 613, 615 (5th
Cir. 2000) ("Federal courts may examine the basis of their
jurisdiction sua sponte, even on appeal.").  Although the court has
not found any case addressing the precise issue of whether the
Stafford Act's discretionary function exception precludes judicial
review of the DOL's denial of eligibility for DUA benefits based on
application of 20 C.F.R. § 624.4(g), for the reasons explained
below, the court concludes that defendant's determination of
eligibility for DUA benefits based on application of this

-12-

regulation is a discretionary action for which § 5148 precludes judicial review.  See Rosas, 826 F.3d at 1008-1009 (holding that denial of DUA benefits based on application of regulation defining "unemployed worker," 20 C.F.R. 625.2(s), was discretionary action not subject to judicial review).  Alternatively, the court concludes that if the defendant's eligibility determination were subject to judicial review, that review would be conducted under the APA, and defendant would be entitled to summary judgment because the defendant's determination that the plaintiff was not eligible for DUA benefits was not arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law.

      (a)  Defendant's  Eligibility  Determination  is  a Discretionary Action Not Subject to Judicial Review

The court has found only a handful of cases discussing the discretionary function exception under the Stafford Act.  See, e.g., St. Tammany Parish, 556 F.3d at 307; Freeman v. United States, 556 F.3d 326 (5th Cir.), cert. denied, 130 S.Ct. 154 (2009); Dureiko v. United States, 209 F.3d 1345 (Fed. Cir. 2000); Graham, 149 F.3d at 997.  See also Rosas, 826 F.2d at 1004 (interpreting precursor to the Stafford Act, the Disaster Relief Act of 1974).  The courts in these cases have consistently looked for guidance to the discretionary function analysis developed by the Supreme Court for the FTCA in Berkovitz v. United States, 108 S.Ct. 1954 (1988).  See, e.g., St. Tammany Parish, 556 F.3d at 314, 323-26; and Freeman, 556 F.3d at 336-41.  That analysis requires a

-13-

court examining whether the discretionary function exception precludes judicial review to determine (1) whether the agency action at issue involves an element of judgment or choice; and (2) if so, whether the judgment or choice "is of the kind the discretionary function exception was designed to shield." St. Tammany Parish, 556 F.3d at 323 (citing United States v. Gaubert, 111 S.Ct. 1267, 1273 (1991), and Berkovitz, 108 S.Ct. at 1958-59). See also Freeman, 556 F.3d at 337.  If both these questions are answered affirmatively, judicial review of the agency action at issue is precluded.

> **(1)   Does the Agency Action at Issue Involve an Element of Judgment or Choice?**

Under the first prong of the discretionary function test the action at issue must involve an element of judgment or choice for the acting employee.  See St. Tammany Parish, 556 F.3d at 323 (citing Berkovitz, 108 S.Ct. at 1958).  "If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary."  Id.

The unemployment assistance provision of the Stafford Act, 42 U.S.C. § 5177(a), grants the President -- and by extension the DOL -- the authority to provide DUA benefits following a designated disaster.  That provision, however, is cast in discretionary terms. In pertinent part the enabling statute states:  "The President **is authorized to provide** to any individual unemployed as a result of

-14-

a major disaster **such benefit assistance as he deems appropriate**
while such individual is unemployed . . ." 42 U.S.C. § 5177(a)
(emphasis added).  Use of the words "is authorized to provide" and
"such benefit as he deems appropriate" indicate that government
approval of applications for DUA benefits is a discretionary act.
See <u>St. Tammany Parish</u>, 556 F.3d at 324 ("[U]se[] of the words
. . . 'is authorized' indicate[s] that government approval of
assistance for debris removal is discretionary.").

        After reviewing the record and the determinations of the TWC
and the TWC's AT, the DOL's Regional Administrator determined that
the plaintiff was not eligible for DUA benefits because he was not
"able to work and available for work" within the meaning of Texas
law."  20 C.F.R. § 625.4(g).[15]  To be "able to work and available
for work" within the meaning of Texas law, applicants must be
genuinely attached to the labor market, must make a reasonably
diligent search for work, and may not impose restrictions on
availability for work that effectively remove the applicant from
the labor market of the community.  See <u>Texas Employment Commission
v. Hays</u>, 360 S.W.2d 525, 530 (Tex. 1962) (referring to former Tex.
Rev. Civ. Stat. Ann. art. 5221b-2, now Tex. Lab. Code Ann.
§ 207.021).  See also <u>Texas Employment Commission v. Holberg</u>, 440

---

        [15]<u>See</u> Letter of February 20, 2009, to plaintiff from Regional
Administrator Joseph C. Juarez and Decision of Regional
Administrator attached thereto, Exhibit A attached to Petition for
Judicial Review, Docket Entry No 1, and Exhibit G attached to
Defendant's Motion for Summary Judgment, Docket Entry No. 28.

S.W.2d 38, 40 (Tex. 1969).  The defendant's determination of eligibility, including determinations of whether an applicant is genuinely attached to the labor market, making a reasonably diligent search for work, and not imposing restrictions on his availability for work that effectively remove him from the labor market of the community, necessarily require analysis of cause and effect that are matters of judgment and choice.  Consequently, the court concludes that DOL's eligibility determination involves an element of judgment or choice and, therefore, meets the first prong of the discretionary function exception test.

> **(2)  Is the Judgment or Choice at Issue the Kind the Discretionary Function Exception was Designed to Shield?**

The court must also decide whether the defendant's determination that the plaintiff was not eligible to receive DUA benefits because he was not "able to work and available for work" within the meaning of Texas law is the type of decision that the discretionary function exception was meant to protect.

> Because the purpose of the [discretionary function] exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," when properly construed, the exception "protects only governmental actions and decisions based on considerations of public policy."

St. Tammany Parish, 556 F.3d at 323-24 (quoting Gaubert, 111 S.Ct. at 1273-74, and Berkovitz, 108 S.Ct. at 2764).  DOL is responsible for administering the federal DUA program.  DOL is responsible for

-16-

providing disaster assistance to those who are eligible while not squandering taxpayer funds on those who are not. "[D]ecisions involving the allocation and deployment of limited governmental resources are the type of administrative judgment that the discretionary function exception was designed to immunize from suit." Graham, 149 F.3d at 1006. Accordingly, the court concludes that the second prong of the discretionary function test is met and that as a result, the defendant's decision that the plaintiff was not eligible to receive DUA benefits falls within the discretionary function exception of 42 U.S.C. § 5148. This conclusion is supported by the legislative history of this provision of the Stafford Act. As other courts construing 42 U.S.C. § 5148 have noted, the purpose of this provision, according to Representative Whittington, Chairman of the House Public Works Committee, was to bar the type of action at issue here:

> We have further provided that if the agencies of the Government make a mistake in the administration of the Disaster Relief Act that the Government may not be sued. Strange as it may seem, there are many suits pending in the Court of Claims today against the Government because of alleged mistakes made in the administration of other relief acts, suits . . . because citizens have averred that the agencies and employees of the Government made mistakes. We have put a stipulation in here that there shall be no liability on the part of the Government.

Ornellas v. United States, 2 Cl.Ct. 378, 380 (1983) (quoting HR 8396, 81st Cong., 2d Sess., 96 Cong. Rec. 11895, 11912 (1950)). See also Dureiko, 209 F.3d at 1352; Rosas, 826 F.2d at 1008 & n.1.

### (3)  Conclusions

For the reasons explained above, the court concludes that the defendant's decision that the plaintiff was not eligible to receive DUA benefits under 42 U.S.C. § 5177(a) and the applicable regulation, 20 C.F.R. § 625.4(g), was a discretionary determination that is precluded from judicial review by the discretionary function exception included therein at 42 U.S.C. § 5148. See St. Tammany Parish, 556 F.3d at 325 ("Eligibility determinations . . . are inherently discretionary and the exact types of policy decisions that are best left to the agencies without court interference."). Moreover, to the extent that the plaintiff is attempting to challenge the defendant's promulgation of the regulation at issue, the court concludes that such a challenge is similarly precluded from the judicial review. The Stafford Act does not contain any guidelines for determining who will be eligible for DUA benefits and who will not be eligible. Absent such guidelines, the promulgation of regulations governing eligibility such as that on which the defendant relied in this case to deny the plaintiff's application for DUA benefits "is exactly the sort of exercise of discretion that Congress intended to insulate from judicial review." Rosas, 826 F.2d at 1009.

> (b)  Defendant's Determination that Plaintiff Was Not Eligible for DUA Benefits is Not Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law

Judicial review of agency action under the APA is governed by the deferential standard set forth at 5 U.S.C. §§ 701-706. This

-18-

standard obligates a court to set aside an agency action when that action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). See Citizens to Preserve Overton Park, Inc. v. Volpe, 91 S.Ct. 814, 822 (1971), overruled on other grounds by Califano v. Sanders, 97 S.Ct. 980 (1977). Accordingly, if the defendant's eligibility determination were subject to judicial review, that review would be narrow, ensuring only that the agency "considered the relevant factors in making the decision, its action bears a rational relationship to the statute's purposes, and there is substantial evidence in the record to support it." Public Citizen, Inc. v. United States Environmental Protection Agency, 343 F.3d 449, 455 (5th Cir. 2003) (quoting Texas Oil & Gas Association v. United States Environmental Protection Agency, 161 F.3d 923, 934 (5th Cir. 1998)). The court is not able to substitute its own judgment for that of the agency. Id. "[T]he [agency's] interpre- tations of its regulations are entitled to substantial deference and are given 'controlling weight' unless 'plainly erroneous or inconsistent with the regulation.'" Id. at 455-56 (quoting Thomas Jefferson University v. Shalala, 114 S.Ct. 2381, 2386 (1994)).

The plaintiff's application for DUA benefits was reviewed three times: (1) TWC's initial determination, (2) a first appeal by the TWC's AT, and (3) a second appeal by the DOL's Regional Administrator on his own motion.

-19-

The plaintiff submitted his application for DUA benefits on September 14, 2008.[16]   On October 3, 2008, plaintiff told the TWC during an intake interview that his last day of work was prior to Labor Day, i.e., September 1, 2008, and that on September 8, 2008, he turned down work.[17]   On October 6, 2008, the TWC denied the plaintiff's application for DUA benefits explaining:

> **Decision**:   We cannot pay you Disaster Unemployment Assistance benefits.
>
> **Reason for Decision:** Your last job separation occur[red] before the date of the major disaster.   You did not provide evidence that you would have started to work in the affected area had the disaster not prevented you from doing so.
>
> **Law Reference:**   Section 625.4 of Title 20, Code of Federal Regulations.[18]

In the appeal that the plaintiff filed with the TWC's AT on October 9, 2008, the plaintiff stated, <u>inter alia</u>,

> I finished a job before the hurricane and had new opportunities.   I had offers to work and turned them down . . . Preparing for the [h]urricane, the hurricane itself, and recovering from the hurricane took time and effort that detracted from earning money.[19]

---

[16]Issue Decision Log included in Exhibit A attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[17]Benefits - Non-Monetary Determinations Fact Finding included in Exhibit A attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[18]Determination of Payment of Unemployment Benefits, Exhibit A attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[19]Appeal, Vincent Maleche, included in Exhibit C attached to Petition for Judicial Review, Docket Entry No. 1, and Exhibit B attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

On December 5, 2008, the AT affirmed the TWC's denial of the
plaintiff's application for DUA in a written order that included
the following findings of fact:

> On September 15, 2008, Presidential Disaster Declaration
> FEMA-1791-DR declared a major disaster in the State of
> Texas with an incident date of September 12, 2008, and
> determined that Galveston County, Texas, was affected
> adversely by the disaster.
>
> The claimant's claim for Disaster Unemployment Assistance
> was filed on September 14, 2008.  Prior to the claim the
> claimant was self-employed as a management consultant.
>
> The claimant concluded his last project for a client on
> August 29, 2008.  The claimant did discuss starting a new
> project for a new client on September 8, 2008, but he
> declined the job so that he could take care of his family
> and property before the arrival of Hurricane Ike.  The
> claimant offered no details about the work he declined,
> and he offered no information regarding how the hurricane
> prevented him from doing the work, aside from his
> personal decision to care for his family and property.
> The claimant offered no details of the impact of the
> hurricane on his property or business.[20]

The AT explained the reasons for its decision to affirm the TWC's

denial of the plaintiff's application for DUA benefits as follows:

> In the current case, the claimant testified that he had
> completed work for his last client on or about August 29,
> 2008.  At the time that Hurricane Ike hit his area, he
> was not performing work for any specific client.  The
> claimant did testify that he had turned down a potential
> job on September 8, 2008, but he failed to provide the
> Appeal Tribunal with any details about the work, the
> client, or how the hurricane prevented the claimant from
> doing that work.  The claimant did indicate that his
> personal desire to take precautions for his family and
> property lead [sic] to his decision to decline the
> unspecified work on September 8, 2008.  The claimant
> failed to explain why he could not have accepted the work

_____

[20]Texas Workforce Commission Appeal Tribunal, Exhibit C
attached to Defendant's Motion for Summary Judgment, Docket Entry
No. 28.

and taken care of personal matters as well.  The claimant
is self-employed, but that does not mean that he always
has work to perform.  The claimant's testimony indicates
that he had no clients, no work to perform, at the time
of the hurricane.  He could have been retained by a
client on September 8, 2008, but he decided for personal
reasons to decline that work.  The claimant was not
working at the time the hurricane struck his area based
on his decision about how to use his time prior to the
hurricane.  The Appeal Tribunal finds insufficient
evidence that the claimant was unemployed as a self-
employed consultant [as] a direct result of the
hurricane.  The determination dated October 6, 2008,
ruling the claimant did not qualify for Disaster
Unemployment Assistance Benefits under Section 20 CFR
625.4, will be affirmed.

**Decision:** The determination dated October 6, 2008, ruling
the claimant did not qualify for Disaster Unemployment
Assistance Benefits under Section 20 CFR 625.4, is
affirmed.[21]

On December 26, 2008, plaintiff filed an untimely appeal of

the AT's decision.  In that filing the plaintiff did not dispute

either the AT's findings of fact or the AT's application of the law

to the facts.  Instead, the plaintiff asserted that "[h]iding

behind the rules to justify a biased decision is shameful when the

facts speak for themselves."[22]  Although plaintiff's second appeal

was initially denied as untimely, the DOL's Regional Administrator

subsequently considered the appeal on his own motion.  On

February 20, 2009, the Regional Administrator issued a written

decision stating that

---

[21]<u>Id.</u>

[22]Appeal #1071820-1-1, included in Exhibit C attached to
Petition for Judicial Review, Docket Entry No. 1, and Exhibit D
attached to Defendant's Motion for Summary Judgment, Docket Entry
No. 28.

[t]he decision of the Appeal Tribunal is affirmed because the claimant was not able and available for work as set forth under 20 C.F.R. 625.  The claimant testified that "he could not take a job because he had to take care of family."  DUA is payable only for a week of unemployment, during the disaster assistance period, that continues to be the direct result of the major disaster.  The claimant failed, without good cause, to accept a referral to suitable work, and was not able and available for work for reasons not due to the disaster.  Therefore, the claimant is not eligible for DUA benefits.[23]

Plaintiff does not dispute that he, in fact, testified that "he could not take a job because he had to take care of family."[24] Instead, plaintiff merely argues that the defendant's decision that he was not eligible for DUA benefits was "subjective, capricious, arbitrary . . . self-serving . . . [and] unsupportable."[25] Plaintiff also asserts that

    3.   As posted in the lobby of the Department of Labor in Washington DC and on the DOL website, the mission statement of the DOL does not advocate or support the role of an Entrepreneur or the role of the self employed person.

    4.   Press releases by the Defendant clearly are pro labor and do not reflect the positive role of the Entrepreneur and self-employed in America.[26]

Plaintiff's assertions are not evidence that the defendant's determination that plaintiff was not eligible for DUA benefits was

---

[23]Decision of the Regional Administrator, U.S. Department of Labor, included in Exhibit A attached to Petition for Judicial Review, Docket Entry No. 1, and Exhibit G attached to Defendant's Motion for Summary Judgment, Docket Entry No. 28.

[24]Id.

[25]Response to Defendant's Motion for Summary Judgment, Docket Entry No. 29, p. 2.

[26]Id.

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Plaintiff's statements to the TWC that he completed his last job on or about August 29, 2008, and that he turned down new work on or about September 8, 2008, before the date on which the hurricane struck, i.e., September 12, 2008, in order to take care of his family and his property, establish that on the day the hurricane struck, i.e., September 12, 2008, he was not "able to work and available for work within the meaning of the applicable State law," 20 C.F.R. § 625.4(g), because he was not genuinely attached to the labor market due to the fact that he had effectively removed himself from the labor market of the community until after the threat posed by the hurricane ended. See Hays, 360 S.W.2d at 530, and Holberg, 440 S.W.2d at 40. Accordingly, the court concludes that the defendant's determination that the plaintiff was not eligible for DUA benefits is supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion.

### 2. Plaintiff's Claim for Discrimination

Asserting that he "is neither poor nor an hourly employee,"[27] plaintiff alleges that he "has been discriminated against because he is successful and [because of] his economic status."[28] Plaintiff

---

[27]Petition for Judicial Review, Docket Entry No. 1, ¶ 5.5.

[28]Id.

explains that he "is a disabled veteran and DOL has discriminated against him because he can't do manual labor and therefore disapproved the DUA [benefits] he deserved."[29]

Defendant argues that she is entitled to summary judgment on plaintiff's discrimination claim because plaintiff has failed to allege or make any showing that he belongs to a class protected by the applicable provisions of the civil rights laws.[30]   The defendant's argument is inapposite because the non-discrimination provision of the Stafford Act expressly provides:

> (a) The President shall issue, and may alter and amend, such regulations as may be necessary for the guidance of personnel carrying out Federal assistance functions at the site of a major disaster or emergency. Such regulations shall include provisions for insuring that the distribution of supplies, the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or **economic status.**

42 U.S.C. § 5151(a) (emphasis added).   Nevertheless, the court concludes that the defendant is entitled to summary judgment on the plaintiff's discrimination claim because the plaintiff has failed to present any evidence from which a reasonable fact-finder could conclude that the defendant's determination that plaintiff was not eligible for DUA benefits was motivated by discriminatory animus based on his economic status.

---

[29]Id. ¶ 5.6.

[30]Defendant's Motion for Summary Judgment, Docket Entry No. 28, p. 6.

-25-

Regulations issued by the Department of Labor governing eligibility for DUA benefits provide:

> An individual shall be eligible to receive a payment of DUA with respect to a week of unemployment, in accordance with the provisions of the Act and this part if:
>
> . . .
>
> (g) The individual is able to work and available for work within the meaning of the applicable State law . . .
>
> (h) The individual has not refused a bona fide offer of employment in a suitable position, or refused without good cause to resume or commence suitable self-employment, if the employment or self-employment could have been undertaken in that week or in any prior week in the Disaster Assistance Period . . .

20 C.F.R. § 625.4(g) and (h).  Self-employed individuals may qualify for DUA benefits if they lost or suffered a substantial reduction or interruption of self-employment activities as a direct result of the disaster.  See 20 C.F.R. § 625.5(b).  Unemployment is a direct result of the major disaster for the purpose of 20 C.F.R. § 625.5(b)

> . . . where the unemployment is an immediate result of the major disaster itself, and not the result of a longer chain of events precipitated or exacerbated by the disaster. Such an individual's unemployment is a direct result of the major disaster if the unemployment resulted from:
>
> (1) The physical damage or destruction of the place of employment;
>
> (2) The physical inaccessibility of the place of employment in the major disaster area due to its closure by or at the request of the federal, state or local government, in immediate response to the disaster; or
>
> (3) Lack of work, or loss of revenues, provided that, prior to the disaster, the employer, or the business in

the case of a self-employed individual, received at least
a majority of its revenue or income from an entity in the
major disaster area that was either damaged or destroyed
in the disaster, or an entity in the major disaster area
closed by the federal, state or local government in
immediate response to the disaster.

20 C.F.R. § 625.5(c).

Hurricane Ike did not discriminate based on economic power;
the wealthy as well as the poor were substantially affected.   The
Stafford Act charges the defendant with acting fairly and equitably
across the board, regardless of economic status. The question
before the court is whether the evidence presented reveals that the
defendant in administering the DUA program has somehow impermis-
sibly discriminated against the plaintiff on the basis of his
economic status.   After careful review of the record, the court
concludes that the plaintiff has failed to present any evidence
from which a reasonable fact-finder could conclude that his
economic status influenced the defendant's determination that he
was not eligible for DUA benefits.   Instead of presenting such
evidence, the plaintiff merely asserts that

> [t]he published DOL mission statement documents that they
> are biased against the Plaintiff because he is an
> entrepreneur/professional and not a worker.   The Plain-
> tiff earns his income vice [sic] working for his income,
> which is a very significant distinction not recognized or
> understood by the DOL.[31]

Critically absent from the plaintiff's pleadings or briefing is any
explanation of how and/or why the eligibility requirement on which

---

[31]Response to Defendant's Motion for Summary Judgment, Docket
Entry No. 29, pp. 2-3.

the defendant relied to determine that he was not eligible for DUA benefits, i.e., the requirement that he be "able to work and available for work within the meaning of the applicable State law," 20 C.F.R. § 625.4(g), acts to discriminate against self-employed applicants.  The court concludes that defendant is entitled to summary judgment on plaintiff's claim for discrimination because plaintiff has failed to present evidence capable of raising a genuine issue of material fact for trial that discriminatory animus motivated the defendant's decision to affirm the TWC's denial of his application for benefits.  See also McWaters v. Federal Emergency Management Agency, 436 F.Supp.2d 802, 824 (E.D. La. 2006).

## IV.  Conclusions and Order

For the reasons explained above, Defendant's Motion for Summary Judgment (Docket Entry No. 28) is **GRANTED**.  Any claims that the plaintiff has asserted or attempted to assert against Hilda Solis in her personal capacity, and/or against Joseph C. Juarez and Linda Bowen in either their official or personal capacity are **DISMISSED**.

**SIGNED** at Houston, Texas, on this 11th day of March, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-28-